UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE NATIONAL COURT OF ORIGINAL JURISDICTION NO.18 IN BUENOS AIRES, ARGENTINA; MATTER OF GOTLIB RODOLFO SAUL V. VESUVIO S.A., ET AL., NO. 12425/2015 | Case No. 16-mc-80204-JSC<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Petitioner United States of America filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.[1]) That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. Upon consideration of the United States' application and the relevant legal authority, the Court GRANTS the application.

## BACKGROUND

On behalf of the National Court of Original Jurisdiction No. 18 in Buenos Aires, Argentina, the Argentinian Ministry of Foreign Affairs and Worship requests that the United States Attorney's Office for the Northern District of California obtain information from Wells Fargo Bank ("Wells Fargo") at 1266 Market Street in San Francisco, California, which is located in this District. (Dkt. No. 1-2 at 8.) The Argentinian court seeks the information for use in a lawsuit brought by Plaintiff Rodolfo Saúl Gotlib against Defendants PCDA S.A., Vesuvio S.A.C.I.F. E I., and Juan Carlos Navarro Castex. (*Id.* at 9.) Specifically, the court requests the following information: "1) if Mr. Rodolfo Saúl Gotlib and/or the firm WIDECOMBE FINANCE

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

S.A. is or was registered as a beneficiary of a bank account with [Wells Fargo]; 2) if so, determine the amounts deposited between 2003 and 2014 and define which was the company that made such deposits." (*Id.* at 8.)

According to Assistant United States Attorney Wendy M. Garbers, she made attempts to contact Wells Fargo through a letter dated August 25, 2016 and a phone call with Wells Fargo Legal Order Processing on September 14, 2016. (*Id.* at 1-2.) To date, Wells Fargo has not provided her with any response. (*Id.*)

The United States filed the pending application on September 27, 2016. (Dkt. No. 1.) It asks the Court to grant the application and to appoint Ms. Garbers as Commissioner and authorize her to obtain the requested information from Wells Fargo.

## LEGAL STANDARD

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). Courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In*

*re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-MC-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014) (same).

The court retains wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 260-61. In exercising its discretion, the court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65; *see also In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that the only requirements explicit in the statute are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal, but also holding "that the investigation in connection with which the request is made must related to a judicial or quasi-judicial controversy").

"A district court's discretion is to be exercised in view of the twin aims of [Section] 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Nat'l Court Admin. of the Republic of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Liftshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

## DISCUSSION

**A.     Statutory Authority**

The United States' application satisfies the minimum requirements of Section 1782: Wells

3

Fargo resides in San Francisco, California, which is in this District; the requested discovery is for use in an Argentinian lawsuit, which is a proceeding before a foreign tribunal; the Argentinian Ministry of Foreign Affairs and Worship made the request on behalf of the National Court of Original Jurisdiction No. 18 in Buenos Aires, Argentina, a foreign tribunal; and the instant *ex parte* application is an acceptable method of requested discovery under Section 1782. *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

**B.   Discretion**

The Court finds good cause to exercise its discretion to authorize the requested discovery. Although Wells Fargo is not a litigant in the Argentinian lawsuit, Argentina requested the information, which makes clear that the Argentinian court is receptive to this Court's assistance and that the request is not an attempt to circumvent proof-gathering restrictions in either Argentina or the United States. The requested information appears to be discrete and not unduly intrusive or burdensome; the information also does not appear to be privileged. However, should Wells Fargo disagree upon being served with the subpoena, it may file a motion to quash and raise any issues it has at that time.

## CONCLUSION

For the reasons stated above, the Court GRANTS the United States' application and appoints Assistant United States Attorney Wendy M. Garbers as Commissioner and authorizes her to obtain the requested discovery from Wells Fargo. Should Wells Fargo file a motion to quash, this action shall automatically be reopened.

This Order disposes of Docket No. 1. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: September 29, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge